UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCIS TSYAMBA,<br>Petitioner,<br>v.<br>LAURA HERMOSILLO, *et al.*,<br>Respondents. | CASE NO. 2:25-cv-02623-GJL<br><br>ORDER AWARDING ATTORNEY'S FEES AND COSTS |

The Court previously granted Petitioner Francis Tsyamba's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Dkt. 12. Before the Court is Petitioner's post-judgment Motion for an award of fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 20.

Respondents oppose the Motion on two grounds, neither of which dispute the specific amount requested by Petitioner. Dkt. 22. First, Respondents argue the Motion should be denied on sovereign immunity grounds, contending immigration habeas actions are not "a civil action" for which sovereign immunity is unambiguously waived. *Id.* Alternatively, Respondents argue that no fees should be awarded because their litigation position was substantially justified. *Id.*

Upon review of the parties briefing, the relevant record, and applicable law, the Court finds that EAJA fees may be awarded in this immigration habeas action. The Court further finds that Respondents' litigation position was not substantially justified. Accordingly, the Court **GRANTS** the Motion (Dkt. 20) and **AWARDS attorney's fees and costs** in the requested amount.

## I. BACKGROUND

On December 19, 2025, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. §2241, seeking release from custody.[1] Dkt. 1. Petitioner challenged his re-detention by United States Immigration and Customs Enforcement ("ICE") under the Due Process Clause of the Fifth Amendment to the United States Constitution. *Id.* On January 29, 2026, the Court granted the Petition, concluding that Petitioner was re-detained without the constitutionally required process. Dkt. 12. The Court ordered Petitioner's immediate release. *Id.* The Court also entered permanent injunctive relief governing any future re-detention of Petitioner. *Id.*

On June 12, 2026, Petitioner filed the instant Motion for attorney's fees and costs pursuant to the EAJA. Dkt. 20. Petitioner seeks attorney's fees at the applicable statutory rate for 10.3 hours of work performed by Attorney Leila Kang, 11 hours performed by Attorney Karla Partida Castro, and 8.2 hours performed by Attorney Amanda Ng in litigating this action. Dkt. 21-1 *as updated by* Dkt. 23-1. Applying the statutory rate, Petitioner seeks a total award of

[1] The Petition was initially joined by Mr. Luis Enrique Arreola Sereno. However, Mr. Arreola Sereno accepted a final removal order to end his detention on January 12, 2026, and agreed to his dismissal without prejudice from the Petition. *See* Petitioner's Notice Regarding Petitioner Luis Enrique Arreola Sereno, Dkt. 11. The Court granted his dismissal without prejudice from the Petition accordingly. Dkt. 12 at 1 n.1. Petitioner Tsyamba does not attempt to recover any fees or costs for tasks pertaining solely to Mr. Arreola Serreno in his Motion. Dkt. 20 at 8. Accordingly, this Order addresses only those fees and costs for tasks pertaining to Petitioner Tsyamba.

$8,270.72 in attorney's fees[2] and $5.00 in costs, representing the filing fee paid in this action. Dkt. 21-1 *as updated by* Dkt. 23-1.

Respondents timely filed a Response opposing the Motion. Dkt. 22. Petitioner thereafter timely filed a Reply, Dkt. 23, with materials addressing additional attorney hours expended in preparing the Reply. Dkt. 23-1. The Motion is therefore fully briefed and ripe for consideration.

## II. LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). Thus, "for the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

## III. DISCUSSION

It is undisputed that Petitioner is the prevailing party in this action. 28 U.S.C. § 2412(d)(1)(A). Furthermore, while Respondents do not dispute whether the amount of fees requested in this case is reasonable, they argue Petitioner is not entitled to such fees because (A) this immigration habeas action is not "a civil action" for which sovereign immunity is waived and (B) Respondents' litigation position was substantially justified. Dkt. 22. The Court disagrees

[2] While Petitioner's calculation for each individual attorney's fee is correct, the cumulative total calculation ($8,270.72) appears to contain an additional $646.15 in error. *See* Dkt. 23-1 at 2. Petitioner requests compensation for 29.5 hours of time at the statutory rate of $258.46, which amounts to $7,624.57. *See* Dkt. 23-1 at 2–3.

with both arguments raised by Respondents and further finds that (C) there are no special circumstances making the award of fees unjust and that (D) the amount of fees and costs requested by Petitioner is reasonable.

**A. Sovereign Immunity is Waived in this Action**

Respondents first argue that the EAJA does not waive sovereign immunity for an award of attorney's fees incurred in immigration habeas proceedings because such a proceeding is not unambiguously a "civil action" within the meaning of 28 U.S.C. § 2412(d)(1)(A). *See* Dkt. 22 at 2–10. The Court does not agree.

The Ninth Circuit has held that the EAJA applies to habeas proceedings arising from immigration matters. *In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985); *Montero v. Ilchert*, 780 F.2d 763, 765 (9th Cir. 1986) (rejecting Government's argument that habeas proceedings are "not a civil action" and recognizing that, "in at least some circumstances," the Ninth Circuit has held that the EAJA applies to immigration habeas actions). Accordingly, the Ninth Circuit's decision in *Hill* controls absent "clearly irreconcilable" and higher authority. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (*en banc*).

More than two-decades after its decision in *Hill*, the Ninth Circuit awarded EAJA fees to a noncitizen who prevailed in a habeas action challenging immigration detention. *Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009). Nevertheless, Respondents contend that *Hill* is no longer persuasive because its analysis relied principally on the EAJA's structure and purpose and predates the Supreme Court's more recent instruction that waivers of sovereign immunity must be unequivocally expressed in statutory text and that ambiguities concerning the scope of such waivers must be construed in favor of the Government. Dkt. 22 at 9–10 (citing *FAA v. Cooper*, 566 U.S. 284 (2012) and *Ardestani v. INS*, 502 U.S. 129 (1991)). But neither Supreme Court

decision invoked by Respondents addresses whether the EAJA applies to habeas proceedings, much less holds that the statutory phrase "any civil action" excludes habeas actions challenging immigration detention. *See Cooper*, 566 U.S. at 290–91 (addressing waiver of sovereign immunity under the Privacy Act, holding that such waiver "must be unequivocally expressed in statutory text" with ambiguity construed in favor of waiver (cleaned up)); *Ardestani*, 502 U.S. at 137 (addressing applicability of the EAJA to administrative deportation proceedings under different statutory language).

Since *Cooper* and *Ardestani*, two Courts of Appeals examining the EAJA's statutory text have concluded that the statute unambiguously encompasses habeas proceedings challenging immigration detention. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 424–33 (3d Cir. 2026) (reaching same conclusion as *Hill* under textual approach outlined in *Cooper*); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (similar); *but see Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) (holding that EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions); *Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021) (same). Thus, whatever force Respondents' criticism may have as to *Hill*'s reasoning, the decision is not clearly irreconcilable with intervening authority and therefore remains binding on this Court. *See Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the law of their own circuit."); *E.A.P.C. v. Wofford*, No. 1:25-CV-01546 JLT CDB (HC), 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026) (concluding that *Hill* is "binding Ninth Circuit authority that EAJA fees may be awarded to a prevailing petitioner in an immigration habeas proceeding"); *Mena Torres v. Hernandez*, 3:25-cv-05772-TSZ, Dkt. 37 at 3 (W.D. Wash. Aug. 31, 2026) ("This Court is bound by the long-established jurisprudence of the Ninth Circuit, which makes clear that EAJA permits an award of attorney's fees to a petitioner who prevails in

an immigration habeas matter.") (collecting cases). Apart from *Hill*'s binding effect, the Court is also persuaded by the Third and Tenth Circuits' conclusion that the EAJA's text encompasses habeas proceedings challenging immigration detention.

The EAJA authorizes fees incurred in "any civil action (other than cases sounding in tort)" brought by or against the United States. 28 U.S.C. § 2412(d)(1)(A). Read naturally, "any" carries an expansive meaning, *United States v. Gonzales*, 520 U.S. 1, 5 (1997), that readily encompasses habeas proceedings. *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 (1978) ("It is well settled that habeas corpus is a civil proceeding."); *see also N.A.L.C. v. Wofford*, No. 1:25-CV-01917-KES-CDB (HC), 2026 WL 1724739, at *1–2 (E.D. Cal. June 15, 2026) ("[T]he better interpretation of the term 'any civil action' in the EAJA is that it unambiguously includes habeas proceedings challenging immigration detention."). Moreover, unlike habeas actions challenging criminal confinement, a habeas action challenging immigration detention does not combine civil and criminal elements because the underlying immigration detention is itself civil. *See Michelin*, 169 F.4th at 426 ("A hybrid of a civil action and a civil action is a civil action."); *Daley*, 158 F.4th at 1165.

Accordingly, the Court concludes that sovereign immunity is waived and that EAJA fees are available in this immigration habeas action.

**B. Respondents' Legal Position was not Substantially Justified**

Respondents next argue that Petitioner is not entitled to an award under the EAJA because Respondents' litigation position was substantially justified.

"It is the government's burden to show that its position was substantially justified." *Medina Tovar*, 41 F.4th at 1089. Substantially justified means "justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce*

*v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the [G]overnment's position must have a 'reasonable basis both in law and fact.'" *Id*. (quoting *Pierce*, 487 U.S. at 565). The Court examines "both the [G]overnment's litigation position and the underlying agency action giving rise to the civil action." *Id*. Whether the Government's position was substantially justified is a matter of discretion for the district court. *Id*. at 869.

Despite failing to offer any justification for Petitioner's re-detention in the first instance,[3] Respondents argue that their litigation position was substantially justified because (1) "existing procedures for OSUP revocation are constitutionally sufficient and Petitioner failed to demonstrate that his detention violated ICE's regulations[;]" and (2) Petitioner's "detention comported with procedural due process." Dkt. 22 at 10. Respondents fail to cite *any* authority that either supports their arguments or otherwise demonstrates that their position is reasonable. *Id.* Rather, they argue only that this Court simply disagreed with their position and disagreement alone should not render their position unjustified. *See id*. at 11 (citing *Edwards v. McMahon*, 834 F.2d 796, 802 (9th Cir. 1987)). They also emphasize that there is no categorical requirement for pre-deprivation hearings. *Id*. On this basis, Respondents maintain that the outcome of this litigation was not a foregone conclusion. *Id.* The Court disagrees.

Even if Respondents' arguments were at one time reasonable when offered as novel issues of first impression, such novelty has long since yielded to the overwhelming weight of authority in this District and elsewhere holding that noncitizens who have been released from detention and are living in the community may not be re-detained without due process. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); *Ledesma Gonzalez v. Bostock*, 808

---

[3] Notably, as the Court previously opined, Respondents did not challenge Petitioner's compliance with any of the terms of his parole, nor suggested Petitioner posed a significant flight or public safety risk. Dkt. 12 at 10. Moreover, as Petitioner noted in his declaration, he had a particularly compelling reason for continued compliance as his attorney sought to have his initial grant of asylum affirmed on appeal. Dkt. 3 at ¶ 8.

F. Supp. 3d 1189, 1203–04 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136–38 (W.D. Wash. 2025); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025); *Kumar v. Wamsley*, No. 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *2–4 (W.D. Wash. Sept. 17, 2025). This case did not purport to announce a new rule; instead, the Court applied longstanding due process principles to a change in agency interpretation and practice that federal courts have overwhelmingly rejected, both before and after this case was resolved. *See Ramirez Tesara v. Hernandez*, No. 2:25-cv-1723-KKE, 2026 WL 1506097, at *2 (W.D. Wash. May 29, 2026).

Thus, Respondents have failed to persuade the Court that they had substantial justification for their litigation position defending the re-detention of Petitioner without notice, an individualized hearing, or the provision of other meaningful process.

**C. No Special Circumstances make the Award of Fees Unjust**

The EAJA also precludes the award of fees if "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). "The burden of proving the special circumstances…exception to the mandatory award of fees under the EAJA rests with the government." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). Respondents do not contend that special circumstances exist in this case, *see* Dkt. 22, and the Court finds that there are none. Accordingly, Petitioner is entitled to an award of reasonable fees and costs under the EAJA.

**D. An Award of Fees and Costs at the Requested Amount is Reasonable, Adequately Supported, and in Compliance with the EAJA**

Finally, having concluded that an award of fees and costs under the EAJA is available and warranted in this case, the Court now considers the reasonableness of the amount requested and whether the request is adequately supported.

The EAJA provides that an attorney hourly fee award shall not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In the Ninth Circuit, the applicable statutory rate is $258.46 for work performed in 2025. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last updated September 21, 2026, and last visited September 21, 2026). The 2025 rate also applies to work performed in 2026 as no rate information is currently posted for work performed during that period. *Id.*

In support of his request for fees and costs, Petitioner submits a sworn declaration from Attorney Leila Kang and supporting tables reflecting billable time by attorney and activity and total fee calculation for that time at the statutory rate. Dkt. 21; Dkt. 21-1 *as updated by* Dkt. 23-1. Petitioner calculates the appropriate award of attorney's fees and costs under the EAJA as follows:

| FEES | | | | |
|---|---|---|---|---|
| Legal Staff | Year | Rate ($/hr) | Hours | Total |
| Amanda Ng | 2026 | $258.46 | 5.70 | $1,473.22 |
| Amanda Ng | 2025 | $258.46 | 2.50 | $646.15 |
| Karla Partida Castro | 2025 | $258.46 | 7.90 | $2,041.83 |
| Karla Partida Castro | 2026 | $258.46 | 3.10 | $801.23 |
| Leila Kang | 2025 | $258.46 | 2.20 | $568.61 |
| Leila Kang | 2026 | $258.46 | 8.10 | $2,093.53 |

*See* Dkt. 21-1 *as updated by* Dkt. 23-1. The total amount declared and accounted for is $7,624.57.[4]

[4] The Court notes that the cumulative total amount listed in Petitioner's calculation is $8,270.72, which appears to inadvertently include Attorney Ng's 2025 fee amount twice as it contains an additional $646.15 that is unaccounted for in the record. *See* Dkt. 23-1. The fee amounts are otherwise fully supported by the attorneys' log of time and

Upon review, Petitioner's submissions demonstrating the above attorneys' litigation activity for this case are "sufficiently detailed to allow a meaningful review of the reasonableness of the requested hours." *De Jesus Ortega Melendres v. Arpaio*, No. 13-16285, 2017 WL 10808812, at *7 (9th Cir. Mar. 2, 2017). Further, the hours expended by Attorneys Kang, Partida Castro, and Ng are reasonable, and their requested rate is consistent with the statutory rate for the period in which their work was performed. Dkts. 21-1 *as updated by* Dkt. 23-1.

Thus, the Court finds the total amount of $7,624.57 in attorney's fees is reasonable, adequately supported, and in compliance with the EAJA. 28 U.S.C. § 2412(d)(1)(B), (d)(2)(A).

Petitioner's request for reimbursement of the $5.00 filing fee, which was paid at the outset of this action, *see docket,* is also reasonable and in compliance with the EAJA. *Id.*; *see also Belqasim v. Hermosillo*, No. 2:25-CV-01282-LK, 2026 WL 1741317, at *3 (W.D. Wash. June 17, 2026) (granting request for reimbursement of filing fee to the prevailing party under the EAJA).

Accordingly, the Court finds that Petitioner is entitled to attorney's fees and costs in the amount of $7,624.57 under the EAJA.[5]

//

//

//

//

---

activities. *See* Dkt. 21-1 *as updated by* Dkt. 23-1. Therefore, the Court finds that the correct total amount is $7,624.57.

[5] In the conclusion of their Response, Respondents request, "[i]f this Court finds that an award of fees is appropriate, …that enforcement of the order awarding fees be stayed until the Supreme Court decides in *Montoya Palacios v. Liggins*, No. 25-1223." Dkt. 22 at 11. The Court **DENIES** Respondents request as they have failed to make a showing in support. *See e.g.*, *Nguyen v. Bondi*, No. 2:26-CV-00460-MLP (W.D. Wash., August 26, 2026).

## IV. CONCLUSION

For the above stated reasons, the Motion for Attorney's Fees (Dkt. 20) is **GRANTED**. Petitioner is **AWARDED fees and costs** under the EAJA in the amount of **$7,624.57**, payable directly to his retained counsel.[6]

Dated this 24th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge

[6] Dkt. 21 at 2, Kang Declaration (stating Petitioner signed a retainer agreement permitting payment of awards covering attorney's fees and costs to the Northwest Immigration Rights Project).